UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBRA NORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 1:16-cv-00305-TWP-MJD |
| | ) |
| DEPARTMENT OF VETERAN AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's *Motion to Dismiss*. [Dkt. 8]. For the reasons set forth below, the Magistrate Judge recommends the District Judge **GRANT** Defendant's motion, and **DISMISS** Plaintiff's claim for lack of subject matter jurisdiction.

**I.    Background**

On January 6, 2016, the Department of Veterans Affairs ("VA") sent Plaintiff Debra Norton ("Norton") a letter regarding her VA benefits. [Dkt. 9-2.] Norton receives VA benefits pursuant to 38 U.S.C. § 1110 for a personal injury she suffered in the line of duty. [Dkt. 9-1 ¶ 2.] VA beneficiaries are not permitted to receive both "drill pay" and VA benefits concurrently. 38 C.F.R. § 3.700. The VA learned that Norton had received both drill pay and VA benefits for various days between 2011 and 2014. [Dkt. 9-1 ¶ 4.] The January 6, 2016 letter thus informed Norton that her current VA benefits were going to be reduced to offset for the accidental over payment. [Dkt. 9-2 at 1.]

On January 28, 2016, Norton filed a *pro se* complaint against the VA in Marion County Small Claims Court. [Dkt. 1-1.] Norton claims the VA owes her $5,000 plus 26% interest beginning on November 1, 2010 for money it "withheld due to error." [*Id.*] Norton's complaint

1

further states "I am tired of clueless VA Employees in IN or MI. I am done being threaten [sic] and money taken from me over this matter." [Dkt. 1-1 at 1.]

The VA filed a notice of removal to this Court on February 5, 2016 [Dkt. 1,] and on March 25, 2016 filed the pending *Motion to Dismiss* pursuant to Rule 12(b)(1), arguing the Court lacks subject matter jurisdiction over Norton's claim. [Dkt. 8.] Norton did not file a response to the VA's motion, and therefore the motion is subject to a summary ruling.[1]

## II.     Legal Standard

Federal Rule 12(b)(1) permits a party to move to dismiss a claim for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The plaintiff bears the burden to show, by a preponderance of the evidence, that the Court has subject matter jurisdiction over an action. *Babchuk v. Indiana Univ. Health, Inc.*, 299 F.R.D. 591, 592 (S.D. Ind. 2014).

## III.     Analysis

The VA argues Norton's complaint must be dismissed because this Court lacks subject matter jurisdiction over her claim. Specifically, the VA argues 38 U.S.C. § 511(a) precludes judicial review in this Court of decisions that affect VA benefits, and sovereign immunity precludes Norton's claim for monetary damages.[2] The Court agrees.

---

[1] The Court entered an order providing Plaintiff through May 6, 2016 to file a response to Defendant's motion. [Dkt. 10.] Plaintiff did not file a response before the May 6, 2016 deadline, and Plaintiff to date has not filed a response.

[2] The VA also argues the doctrine of "derivative jurisdiction" prevents the Court from adjudicating Norton's claim. The VA reasons that since the Indiana state court lacks jurisdiction over this claim, this Court does not have jurisdiction either under 28 U.S.C. § 1442. However, the VA does not make any specific argument regarding the state court's jurisdiction over this claim. Moreover, since the Court finds it has no jurisdiction over the claim, it need not determine whether the state court would have jurisdiction over the claim.

Norton's complaint does not specify the precise basis for her claim against the VA. However, liberally construed, her claim could be read as challenging the decision of the VA regarding her benefits. The Veterans Judicial Review Act ("VJRA") governs the availability of judicial review for the VA's benefit determinations. 38 U.S.C. § 511(a). The VJRA provides, in relevant part:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and **may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise**.

*Id*. (emphasis added). Thus, as a general rule, judicial review is unavailable for a decision by the VA "that affects the provision of benefits." *Id.* Subsection (b) does provide judicial review of the VA's decisions affecting the provision of benefits in certain circumstances, but limits that review to the Board of Veterans' Appeals, and subsequently to the Veterans Court and Federal Circuit. *Evans v. Greenfield Banking Co*., 774 F.3d 1117, 1123 (7th Cir. 2014) (citing 38 U.S.C. § 511(b)). Accordingly, to the extent Norton's claim is challenging the VA's decision regarding her benefits, the Court lacks subject matter jurisdiction over the claim. *Id.*

Moreover, to the extent Norton's claim seeks monetary damages from the VA, this Court lacks subject matter jurisdiction under the doctrine of sovereign immunity. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). This immunity extends to federal agencies. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990). The Plaintiff bears the burden to establish the existence of a waiver of sovereign immunity. *Caldwell v. Klinker*, No. 15-13169, 2016 WL 1237829, at *3

(11th Cir. Mar. 30, 2016). Norton's complaint does not provide, and the Court is not aware of, any basis for concluding the VA has waived its sovereign immunity for a suit of this kind. Therefore, the Court lacks subject matter jurisdiction over Norton's claim for monetary damages against the VA under the doctrine of sovereign immunity.

## IV.   Conclusion

For the aforementioned reasons, the Magistrate Judge recommends the District Judge **GRANT** Defendant's *Motion to Dismiss* [Dkt. 8], and **DISMISS** Plaintiff's claim for lack of subject matter jurisdiction.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. Civ. P. 72(b), and failure to timely file objections within 14 days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  28 JUN 2016

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

DEBRA NORTON
11832 MARLIN ROAD
INDIANAPOLILS, IN 46239

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

4